IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

THOMAS G. BRENNAN,      )
                                  )
      Petitioner,        )
                                  )
v.                            )        Civil Action 11-00418-CB-N
                                  )
DAVID WISE,               )
                                  )
      Respondents.     )

REPORT AND RECOMMENDATION

Thomas G. Brennan ("Brennan"), a state prisoner presently in the custody of the

respondent, has petitioned this Court for federal habeas corpus relief pursuant to 28

U.S.C. § 2254 (docs. 1-2), as supplemented (doc. 21).  This matter has been referred to

the undersigned for the entry of a report and recommendation pursuant to 28 U.S.C. §

636(b)(1)(B) and Local Rule 72.2(c)(4).  Upon consideration of the petition, the

Response filed by the respondent (doc. 12), Brennan's reply (doc.16), and all other

pertinent portions of the record, it is recommended that this habeas petition be **DENIED**.

I.      PROCEDURAL HISTORY

A.      <u>Conviction and sentence in Baldwin County Circuit Court; direct appeal</u>.

On October 8, 2008, Brennan was found guilty by a jury in Baldwin County

Circuit Court on the indicted charges of first degree rape and incest, violations of

Alabama Code (1975) §§ 13A-6-61(a)(1) and 13A-13-3 respectively, and subsequently

sentenced to concurrent terms of thirty years' imprisonment on the rape conviction and

ten years' imprisonment on the incest conviction.  (Doc. 12-1 at 15-20, 67-69).  The

convictions arose from Brennan's sexual molestation of his daughter; Brennan was an adult man, and his daughter was between six and seven years old when he committed these offenses. (Doc. 12-2 at 10-11). In a handwritten statement to a deputy sheriff, Brennan maintained that his acts were the result of a mistake while intoxicated; he claimed, "I was having sexual intercourse with my daughter and I thought it was my wife." (Doc. 12-1 at 93). At trial Brennan denied having engaged in sexual intercourse with his daughter. (Doc. 12-2 at 141).

On direct appeal to the Alabama Court of Criminal Appeals, Brennan's appellate counsel, J. Russell Pigott ("Pigott"), asserted the following claims:

1.     Trial counsel, Cali Armstrong, Esq. ("Armstrong"), rendered ineffective assistance by failing to request a jury instruction on sexual abuse as a lesser-included offense of his indicted charge of first degree rape, and the trial court erred in not giving that instruction *sua sponte*. (Doc. 12-5 at 7-19).

2.     Armstrong rendered ineffective assistance by failing to object to the trial court's instruction regarding incest, and the trial court should have *sua sponte* instructed the jury regarding the need for corroboration of his victim's testimony. (*Id*. at 19-22).

3.     The trial court erred in denying his motion for a judgment of acquittal on the first degree rape charge for insufficient evidence of penetration. (*Id*. at 22-26).

4.     The trial court erred in denying his motion for a judgment of acquittal on the incest charge for insufficient evidence of corroboration. (*Id*. at 26-28).

5.     The convictions for rape and incest, arising out of a single act with a single victim, violated the constitutional prohibition against double jeopardy and Ala. Code § 13A-1-8(b)(4). (*Id*. at 28-33).

6.     Armstrong rendered ineffective assistance by not requesting a jury instruction on intoxication as negating the element of intent. (*Id*. at 33-34).

The State submitted an Appellee's Brief in which it argued for the affirmance of Brennan's convictions on the grounds that his claims were "procedurally barred and/or meritless." (Doc. 12-6 at 6).

On December 11, 2009, the Court of Criminal Appeals affirmed Brennan's convictions in T.G.B. v. State, CR-08-0537 (Ala. Crim. App. Dec. 11, 2009). (Doc. 12-7). It held that, as the claims listed above as 1, 2, and 6 were not preserved for appellate review,[1] and that claims 3, 4, and 5 were meritless.[2] (*Id.*).

Brennan filed a *pro se* motion for an enlargement of time to file an application for rehearing, which was granted by the Court of Criminal Appeals. (Doc. 12-8). A similar subsequent motion for extension of time to file the application was denied. (Doc. 12-9). The Court of Criminal Appeals issued a certificate of judgment on January 21, 2010, but then recalled that certificate on February 2, 2010, and allowed Brennan additional time to file the application. (Doc. 12-10). Brennan filed his *pro se* application for rehearing on February 9, 2010, and a document styled "Amendment to Brief For Rehearing" on April 5, 2010. (Docs. 12-11, 12-12). In these pleadings, Brennan essentially reasserted the claims made by Pigott in the Appellant's Brief, but also expanded the double jeopardy argument to include a contention that these rights were violated by his "conviction on

---

[1] The Alabama Court of Criminal Appeals held that these claims were not preserved for appellate review because no objection was raised at trial and, although Brennan raised eight claims of ineffectiveness of counsel in a motion for a new trial, he did not raise the claims of ineffectiveness asserted on direct appeal and, therefore, waived those particular claims. (Doc. 12-7 at 4, 6, & 13).

[2] The Appellate Court found that the evidence was sufficient to sustain the first degree rape and incest convictions and that the double jeopardy claim is both untimely and without merit. (Doc. 12-7 at 6-13). Brennan's arguments to the contrary were rejected. (*Id.*).

Rape Count which included both (A)(1) and (A)(3) subsections of the statute" (doc. 12-11 at 2, 10-14; Doc. 12-12 at 5-6)[3], and argued that his ineffective assistance claims had been preserved. (Doc. 12-11 at 11, 15).

On May 21, 2010 the Court of Criminal Appeals withdrew its December 11, 2009 opinion and substituted a new memorandum opinion affirming Brennan's convictions in T.G.B. v. State, CR-08-0537 (Ala. Crim. App. May 21, 2010). (Doc. 12-13). The Court altered its opinion regarding Brennan's ineffective assistance claims related to the trial court's jury instructions, finding that the claims were preserved, but unsupported by any evidence and, therefore, meritless. (Doc. 12-13 at 2-7). The remainder of the Court's opinion was as asserted in the December 11, 2009 opinion. (*Cf.* Docs. 12-7 and 12-13).

Brennan filed a petition for a writ of certiorari in the Alabama Supreme Court. (Doc. 12-14). He set forth as the grounds for issuance of the writ a contention that his convictions of first-degree rape, in violation of Ala. Code $ 13A-6-61(a)(1) and incest, in violation of Ala. Code $ 13A-13-3, violated double jeopardy. (Doc. 12-14 at 2). Brennan specifically asserted only two issues in support of a writ:

"A) Did the appellate court ignore, or hold without opinion, that Mr.

---

[3] Brennan asserted that he was charged with two separate and distinct offenses in Count I of his indictment because he was charged as follows:

Thomas G. Brennan . . . did, being sixteen years or older, engage in sexual intercourse with T.B., a person less than twelve years old, in violation of §13A-6-61(a)(3) of the Code of Alabama, or did engage in sexual intercourse with T.B. by forcible compulsion, in violation of §13A-6-61(a)(1) of the Code of Alabama.

(Doc. 12-1 at 1; Doc. 12-14 at 2-10). He argued that he "cannot be convicted under both subsections (a)(1) and (a)(3) for a single act." (Doc. 12-14 at 4, *citing* King v. State, 574 So.2d 921, 929 (Ala.Cr.App. 1990)).

Brennan can be convicted and sentenced to, two separate and distinct offenses of a statute, in a single count, for a single act, and is not in violation of the double jeopardy protection clause.[4]

"B) Did the appellate court ignore, or hold without opinion, that Mr. Brennan can be convicted and sentenced, for two separate and distinct offenses, (rape, 1st degree and incest) for one act."

(*Id*.).  His subsequent argument focused on these issues. (*Id.* at 2-12).  Brennan also, however, listed the following claims of "obvious error" in the conclusion of his petition and argued that they deprived him of his "rights to a fair and impartial trial":

1.  "Trial counsel's failure to object to double jeopardy[,]" to object to "same said issue and unanimity at the charge the jury phase[,]" to the jury's verdict, and to the "illegal sentence";

2.  The trial court "read and observed the indictment twice at trial," submitted the charges to the jury "with the duplicity obvious";

3.  The trial court "erred in failing to identify the constitutional impact" of submitting the case to the jury without instructing the jury to the facts or law[,]"  "in allowing the jury to return a verdict to both counts in Count I, without such instructions[,]" and "in sentencing [him] to the duplicitous Count I and Count II";

4.  The Appellate Court committed "[p]lain error" because it "either ignored these issues, or failed to address these issues."

(*Id*. at 13-14).

The Alabama Supreme Court summarily denied Brennan's petition on August 6, 2010, and both it and the Alabama Court of Criminal Appeals entered a certificate of judgment on that date. (Docs. 12-15, 12-16).

---

[4] Brennan reasserted the contention he raised for the first time in his *pro se* application for a rehearing filed in the Alabama Court of Criminal Appeals (doc. 12-11, 12-12).  *See* n. 3, *supra*.

B.     Post-conviction proceedings pursuant to Ala.R.Crim.P. 32.

Brennan did <u>not</u> seek postconviction relief in state court pursuant to Rule 32 of the

Alabama Rules of Criminal Procedure, "the sole posttrial remedy available in Alabama"

for relief from his conviction and sentence but for posttrial motions and appeal. <u>Dowdell</u>

<u>v. State</u>, 854 So.2d 1195, 1200 (Ala. Crim. App. 2002).  The period within which

Brennan could have filed a Rule 32 petition expired on August 6, 2011, one year from the

entry of the certificate of judgment in the direct appeal. See Ala.R.Crim.P. 32.2 (c).

C.     Petition for federal habeas relief pursuant to 28 U.S.C. § 2254.

Brennan filed the instant petition for a writ of habeas corpus in this Court on July

25, 2011, the date of its verification.  *See e.g.*, <u>Houston v. Lack</u>, 487 U.S. 266 (1988)

(regarding "mailbox rule").  Brennan asserts, in sum, the following claims, which are

styled in the manner used by the petitioner:

A.     Ground one: "Count II of petitioner's indictment was multiplicitous

[because he] was convicted and sentenced to multiple prison terms for a single and same

act upon a sole individual."  (Doc. 1 at 7; *see also* Doc. 2 at 15-43).

B.     Ground two: "Count I of petitioner's indictment was duplicitous [because

he] was tried upon multiple charges of a single and same act upon a sole individual

within Count I of the indictment."  (*Id*.)

C.     Ground three: Brennan asserts the following as "acts of prosecutorial

misconduct before and during trial":

        1.     Count 1: His custodial detention became an unlawful arrest due to lack of
               probable cause (doc. 1 at 14; doc. 2 at 44-73; doc. 2-1 at 1-9);

2.       Count 2:  The evidence against him resulted from an unlawful search and seizure (id.);

3.       Count 3:  Trial counsel's "failure to object to the State's admission of evidence" outside the jury's presence violated his due process rights (doc. 1 at 14; doc. 2-1 at 9-13);

4.       Count 4:  The evidence from the unlawful search and seizure constituted 'fruit of the poisonous tree" (doc. 1 at 14; doc. 2-1 at 13-15);

5.       Count 5:  The prosecutor "failed to remedy" his multi-count indictment arising from "a single act upon the same individual" (doc. 1 at 14; doc. 2-1 at 15-17);

6.       Count 6:  The State proceeded to trial on the multi-count indictment (doc. 1 at 14; doc. 2 at 25-35, 41; doc. 2-1 at 17-19);

7.       Count 7: The trial court erred in not instructing the jury to render a separate verdict regarding the charges in his indictment (doc. 1 at 14; doc. 2 at 42; doc. 2-1 at 19-);

8.       Count 8: Trial counsel failed to object to jury instructions and a single verdict form (doc. 1 at 15; doc. 2-1 at 20-22);

9.       Count 9: The trial court failed to charge the jury with every element of his offenses (doc. 1 at 15; doc. 2-1 at 22-27);

10.       Count 10:  Trial counsel failed to object the trial court's failure to charge the jury with every element of his offenses (doc. 1 at 15; doc. 2-1 at 27-28);

11.       Count 11:  The trial court erred in submitting the multiple count indictment to the jury (doc. 1 at 15; doc. 2 at 24-35; doc. 2-1 at 28-29);

12.       Count 12:  His multiple sentences "for a single and same act upon the same individual" constituted double jeopardy  and plain error(doc. 1 at 15; doc. 2 at 3-15; doc. 2-1 at 29-34);

13.       Count 13:  Trial counsel failed to object to the multiple sentences (doc. 1 at 15; doc. 2-1 at 34-36).

D.       Ground four:   Brennan asserts that he was "deprived of effective assistance of counsel before, during, and after the trial" by, in sum, trial counsel Armstrong's failure to:

1.       Count 1: Investigate his case (doc. 1 at 17; doc. 2-1 at 36-45);

2.       Count 2:  Object to the multiplicitous and "duplicitous" indictment (doc. 1 at 17; doc. 2 at 29-32, 38; doc. 2-1 at 45-48);

3.       Count 3:  Object to the State's failure to elect to which of the multiple charges contained in Count I it would proceed (doc. 1 at 17; doc. 2 at 21, 38; doc. 2-1 at 48-50);

4.       Count 4:  Object before trial or outside of the jury's presence regarding the admission of his statement (doc. 1 at 17; doc. 2-1 at 50-54);

5.       Count 5: Object to the trial court's failure to instruct the jury regarding its consideration of the multiple charges contained in Count I separately and its submission of a single verdict form (doc. 1 at 17; doc. 2 at 32-33; doc. 2-1 at 54-56);

6.       Count 6: Object the trial court's omission of jury instruction regarding the elements of his offenses (doc. 1 at 17; doc. 2-1 at 56-57);

7.       Count 7:  Request an instruction on a lesser included offense (doc. 1 at 18; doc. 2-1 at 57-61); and,

8.       Count 8: Object at sentencing to his multiple sentences "for a same and single act upon the same individual" (doc. 1 at 18; doc. 2-1 at 61-62).


## II.       ANALYSIS

A.       Statute of Limitations.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) provides,

in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

28 U.S.C. § 2244(d)(1).  The time during which a properly filed application for State

post-conviction review or other collateral review of the conviction is pending "shall not

be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). In addition, if the petitioner, on direct appeal, files a petition for a writ of certiorari in the Alabama Supreme Court, he is entitled to an additional tolling of 90 days, the time to file a writ of certiorari with the United States Supreme Court. *See* Coleman v. Davenport, 2009 WL 3857437, 4 (M.D. Ala. Nov. 17, 2009)("[A] petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety days of the action undertaken by the aforementioned state court."); Dobbins v. McNeil, 2009 WL 1635210, *1 (N.D. Fla. June 10, 2009)("Petitioner's conviction became final [] when the time to file a petition for writ of certiorari expired); Wyche v. Frazier, 2009 WL 111656, *2 (N.D. Ga. Jan. 14, 2009)(Petitioner's convictions became final [] when his time to seek a writ of certiorari in the United States Supreme Court expired, 90 days after the Georgia Supreme Court [] denied his petition for certiorari")(*citing*, Sup.Ct. R. 13, 30; Stafford v. Thompson, 328 F.3d 1302, 1303 (11th Cir. 2003).

Brennan's direct appeal was final on August 6, 2010, when both the Alabama Supreme Court and the Alabama Court of Criminal Appeals entered a certificate of judgment affirming Brennan's conviction and sentence (docs. 15, 16). The period within which Brennan could file a Rule 32 petition expired on August 6, 2011, one year from the entry of the certificate of judgment in the direct appeal. *See* Ala.R.Crim.P. 32.2(c). Brennan filed his present habeas petition on July 15, 2011. Brennan's petition was therefore timely filed within the limitation period set forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA") 28 U.S.C. § 2244 (d).

B.    Exhaustion and Procedural Default.

A state prisoner must exhaust his state remedies prior to challenging his conviction in a habeas petition filed in federal court.  *See* 28 U.S.C. §§ 2254(b)(1) and (c); Woodford v. Ngo, 548 U.S. 81, 92 (2006).   The Eleventh Circuit has succinctly stated the rule as follows:

> Generally, a habeas corpus petitioner cannot raise a claim in federal court if he did not first exhaust the claim in state court. 28 U.S.C. § 2254(b)(1)(A); Kelley v. Sec'y for the Dep't of Corrs., 377 F.3d 1317, 1343 (11th Cir. 2004). A federal claim is exhausted only if fairly presented to the state courts. McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (*citing* Picard v. Connor, 404 U.S. 270, 275 [] (1971)). A petitioner has not fairly presented his claim to the state court if such claim is presented for the first and only time in a procedural context where the merits are not considered. Castille v. Peoples, 489 U.S. 346, 351 [] (1989).

Cargile v. Secretary, Department Of Corrections, 349 Fed.Appx. 505, 507  (11th Cir. 2009); *see also* Oliver v. Cummins, 2009 WL 4058218, *3 (S.D. Ala. Nov. 20, 2009).

Section 2254(b)(1) specifically provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State."  The Supreme Court has made clear that the rationale of the exhaustion requirement centers on the proper relationship between state and federal courts:

> "This rule of comity reduces friction between the state and federal court systems by avoiding the 'unseem[liness]' of a federal district court's overturning a state-court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." O'Sullivan v. Boerckel, 526 U.S. 838, 845 [] (1999) (alteration in original). A state prisoner is generally barred from obtaining federal habeas relief

unless the prisoner has properly presented his or her claims through one "complete round of the State's established appellate review process." *Ibid.* In practical terms, the law of habeas, like administrative law, requires proper exhaustion, and we have described this feature of habeas law as follows: "To ... 'protect the integrity' of the federal exhaustion rule, we ask not only whether a prisoner has exhausted his state remedies, but also whether he has properly exhausted those remedies ...." *Id.*, at 848 [] (citation omitted; emphasis in original).

Woodford, 548 U.S. at 92. A petitioner's failure to exhaust his state remedies results in the "preclusion of review in the federal court." *Id.* "Thus, if state-court remedies are no longer available because the prisoner failed to comply with the deadline for seeking state-court review or for taking an appeal . . .the petitioner procedurally defaulted those claims [and] generally is barred from asserting those claims in a federal habeas proceeding." *Id.* at 93, *citing* Gray v. Netherland, 518 U.S. 152, 162 (1996); Coleman v. Thompson, 501 U.S. 722, 744-51 (1991). *See also* Banks v. Dretke, 540 U.S. 668, 690 (2004)("To pursue habeas corpus relief in federal court, Banks first had to exhaust 'the remedies available in the courts of the State'."), *quoting* Rose v. Lundy, 455 U.S. 509, 520 (1982); Doorbal v. Department of Corrections, 572 F.3d 1222, 1229 (11th Cir. 2009)("A state prisoner may not seek federal habeas review unless he has 'exhausted the remedies available in the courts of the State'[because he] must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition'."), *citing* Cone v. Bell, 556 U.S. 449, 467 (2009)("A claim is procedurally barred when it has not been fairly presented to the state courts for their initial consideration."), and O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999)("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents

those claims to a federal court in a habeas petition."); *see also* <u>Pearson v. Secretary, Dept. of Corrections</u>, 273 Fed.Appx. 847, 849-50 (11th Cir. 2008)("The exhaustion doctrine requires the petitioner to 'fairly present' his federal claims to the state courts in a manner to alert them that the ruling under review violated a federal constitutional right."), *quoting* <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995).

In Alabama, the state court of last resort is the Supreme Court of Alabama. *See* <u>Dill v. Holt</u>, 371 F.3d 1301, 1303 (11th Cir. 2004)("Under Alabama law, 'one complete round' of review [] includes: (1) filing a petition for certiorari in state circuit court; (2) appealing the denial of that petition to the Alabama Court of Criminal Appeals; (3) petitioning the Alabama Court of Criminal Appeals for rehearing; and (4) seeking discretionary review in the Alabama Supreme Court. . ."); Ala.R.App.P. 4, 49 40; <u>Kennedy v. Hopper</u>, 156 F.3d 1143, 1145 (11th Cir. 1998) ("[I]n all criminal cases- Alabama law effectively requires a petitioner to preserve any federal constitutional error by objection at trial, and to pursue that assertion of error on direct appeal.").

"[I]t is a well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts." <u>Wainwright v. Sykes</u>, 433 U.S. 72, 81 (1977). "A state habeas corpus petitioner who fails to raise his federal claims properly in state court is procedurally barred from pursuing the same claim in federal court absent a showing of cause for and actual prejudice from the default." <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1302 (11th Cir. 1999), *citing*, <u>Sykes</u>, 433 U.S. at 87. Such procedural default can occur in two ways:

First, where the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred, <u>Sykes</u> requires the federal court to respect the state court's decision. <u>Atkins v. Singletary</u>, 965 F.2d 952, 956 (11th Cir. 1992), *cert. denied*, 515 U.S. 1165 [] (1995); <u>Meagher v. Dugger</u>, 861 F.2d 1242, 1245 (11th Cir. 1988). Second, if the petitioner simply never raised a claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred due to a state-law procedural default, the federal court may foreclose the petitioner's filing in state court; the exhaustion requirement and procedural default principles combine to mandate dismissal. <u>Snowden v. Singletary</u>, 135 F.3d 732, 737 (11th Cir.), *cert. denied*, 525 U.S. 963 [] (1998); *see also* 28 U.S.C. § 2254(b)(1)(A) (1994)(pre-AEDPA) ("An application for writ of habeas corpus ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State....").

172 F.3d at 1302-03. *See also* <u>Maples v. Allen</u>, 586 F.3d 879, 886 (11th Cir. 2009) ("[F]ederal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile."); <u>Baker v. Holt</u>, 178 Fed.Appx. 928, 930 (11th Cir. 2006) (Explaining Bailey as follows: "In the first instance, a federal court must determine whether the last state court rendering judgment clearly and expressly stated its judgment rested on a procedural bar. [Citation omitted]. In the second instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine.")

There are only two ways in which a habeas petitioner who has failed to meet the State's procedural requirements for presenting a federal claim throughout the state courts may overcome this procedural default and thereby have this Court review the claim on its merits. Under the "cause and prejudice" procedural default exception, the petitioner is

required to "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law." Coleman v. Thompson, 501 U.S. 722, 750 (1991). Under the "fundamental miscarriage of justice" procedural default exception, the petitioner may obtain review of a claim if he "can demonstrate a sufficient probability that [the federal court's] failure to review his federal claim will result in a fundamental miscarriage of justice." Edwards v. Carpenter, 529 U.S. 446, 451 (2000). This latter exception applies only in the "narrow class of cases," those cases where the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" Schlup v. Delo, 513 U.S. 298, 315, 328 (1995).

      C.    Standard of Review – Federal Claims Properly Subject to Review.

AEDPA provides as follows:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   The Supreme Court has specifically held, with respect to

§ 2254(d)(1), as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ

if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams v. Taylor, 529 U.S. 362, 412-13 (2000).  In Williams, Justice O'Connor, writing for a majority of the Court, recognized that "§ 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court."  The Eleventh Circuit has also addressed the issue:

> A state-court decision is contrary to the Supreme Court's clearly established precedent (1) if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or (2) if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *See* Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1519-20, 146 L. Ed. 2d 389 (2000).
>
> A state court decision involves an unreasonable application of Supreme Court precedent "if the state court identifies the correct governing legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case." Williams, 120 S. Ct. at 1520. In addition, a state court decision involves an unreasonable application of Supreme Court precedent "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Id*.

Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000).  Moreover, the Act, as amended, presumes as correct all determinations of factual issues made by a state court and places the burden upon the petitioner of rebutting such a presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e).  *See also* Bell v. Cone, 535 U.S. 685, 694 (2002)("The focus of the [unreasonable application] inquiry is on whether the state

court's application of clearly established federal law is objectively unreasonable, and . . .

an unreasonable application is different from an incorrect one."), *citing* <u>Williams</u>, 529

U.S. at 409-410, 411.

For purposes of § 2254(d), the Supreme Court further explained that, "[w]hen a

federal claim has been presented to a state court and the state court has denied relief, it

may be presumed that the state court adjudicated the claim on the merits in the absence of

any indication or state-law procedural principles to the contrary." <u>Johnson v. Williams</u>, --

- U.S. ---, 133 S.Ct. 1088, 1094 (2013), *quoting* <u>Harrington v. Richter</u>, --- U.S. ---, 131

S.Ct. 770, 784–785 (2011).  Such claim is subject to review by federal habeas court

pursuant to AEDPA's deferential standard, rather than de novo, even though state court

did not expressly acknowledge that it was deciding the federal claim.  <u>Williams</u>, 133

S.Ct. at 1097-98.

D.    <u>Claims not cognizable in Federal Habeas Review</u>.

Issues regarding state law alone, without more, are not reviewed under the federal

writ of habeas corpus.  In <u>Davis v. Jones</u>, 506 F.3d 1325 (11th Cir. 2007), the Eleventh

Circuit held:

> We will not question the Alabama appellate court's application of state law
> in federal habeas corpus review. *See* <u>Carrizales v. Wainwright</u>, 699 F.2d
> 1053, 1055 (11th Cir. 1983) ("A state's interpretation of its own laws or
> rules provides no basis for federal habeas corpus relief, since no question of
> a constitutional nature is involved.").

506 F.3d at 1332.  The Supreme Court has long recognized that neither it nor other

federal courts are "at liberty to conjecture that the [state] court acted under an

interpretation of the state law different from that which we might adopt and then set up

our own interpretation as a basis for declaring that due process has been denied." <u>Gryger v. Burke</u>, 334 U.S. 728, 731 (1948). "Questions of pure state law do not raise issues of constitutional dimension for federal habeas corpus purposes…A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." <u>Carrizales v. Wainwright</u>, 699 F. 2d 1053, 1055 (11th Cir. 1983) (citation omitted). "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" <u>Estelle v. McGuire</u>, 502 U.S. 62, 67 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id*. at 67-68. "We review questions of state law in federal habeas proceedings only to determine whether the alleged errors were so critical or important to the outcome of the trial to render 'the entire trial fundamentally unfair.'" <u>Tejada v. Dugger</u>, 941 F. 2d 1551, 1560 (11th Cir. 1991).

E.    <u>Brennan's claims are procedurally defaulted or without merit</u>.

1.    **Double Jeopardy Claim and Related Ineffective Assistance Claim**.[5]

Brennan asserts, as his first and second grounds for habeas relief, that his rape and incest convictions and subsequent sentences violated the constitutional prohibition against double jeopardy because they arose from "a single and same act upon the same victim." (Doc. 2 at 3-15). The Alabama Court of Criminal Appeals addressed this issue on direct appeal and held:

---

[5] In related claims under Grounds three and four of his petition, Brennan complains of multiple errors arising in connection with his multi-count indictment, which resulted from "a single act upon the same individual." These related claims are set forth above as Counts 5 through 13 under Ground three and Counts 1 through 3, 5, 6 and 8 under Ground four.

[Brennan] argues that his convictions of first-degree rape and incest involving the same victim violate his double jeopardy rights and § 13A-1-8(b)(4), Ala. Code 1975, which he alleges is a jurisdictional claim.

Although the State argues that this issue was not preserved for review as it was never presented to the trial court, the record indicates that defense counsel included this issue in his 'Defendant's Summary Memorandum in Support of Motion for New Trial.' (S.R. 26-28.) He also argued this issue to the trial court at the hearing on the motion for new trial. (S.R. 91-93, 98-99.) Therefore, this issue was presented to the trial judge, who simply denied the motion.

However, because this claim does not involve a claim of double jeopardy involving the "'simultaneous convictions for both a greater and a lesser-included offense,'" it is nonjurisdictional and may be waived if not timely raised. Heard v. State, 999 So. 2d  992, 1006 (Ala. 2007). See Lee v. State, 565 So. 2d 1153, 1154 (Ala. Crim. App. 1989) (incest is not a lesser-included offense of rape). "'[I]f a double-jeopardy claim is viable before trial, then the defendant must object by pretrial motion, or the double-jeopardy claim is foreclosed. Rolling v. State, 673 So.2d 812, 815 (Ala.Crim.App. 1995).'" Heard v. State, 999 So. 2d at 1006, quoting Ex parte Benefield, 932 So. 2d 92, 94-95 (Ala. 2005) (Stuart, J., specially concurring).

This claim by [Brennan] could and should have been presented to the trial court by pre-trial motion. Therefore, it is untimely.

Moreover, although these two convictions involved the same victim, they were based on different conduct as each offense required an element not present in the other. Blockburger v. United States, 284 U.S. 299, 304 (1932). Incest requires a familial relationship between the perpetrator and the victim whereas first-degree rape under §13A-6-1(a)(1), Ala. Code 1975, requires forcible compulsion.
Therefore, [Brennan's] double jeopardy claim is untimely and without merit.

(Doc. 12-13 at 11-12).

Brennan's double jeopardy claim was deemed to be a nonjurisdictional claim by

the Court of Criminal Appeals because it did not involve "simultaneous convictions for

both a greater and a lesser-included offense." (*Id*., *citing* <u>Heard v. State</u>, 999 So. 2d 992, 1006 (Ala. 2007). Consequently, his failure to present this double jeopardy claim in a pretrial motion was held to constitute a waiver of the claim. (*Id*.). This procedural bar is firmly established and regularly followed in the Alabama courts. *See*, <u>Heard</u>, 999 So. 2d at 1006, *citing* <u>Ex parte Benefield</u>, 932 So. 2d 92, 94-95 (Ala. 2005) (Stuart, J., concurring) (noting the "consistent application of th[e] distinction between jurisdictional and nonjurisdictional double-jeopardy claims," and that "if a [nonjurisdictional] double-jeopardy claim is viable before trial, then the defendant must object by pretrial motion, or the double-jeopardy claim is foreclosed."); *see also* <u>Rolling v. State</u>, 673 So. 2d 812, 816 (Ala. Crim. App. 1995) ("Alabama appellate courts have previously held that the defendant's failure to file a pretrial motion raising a double jeopardy claim forecloses subsequent assertion of that issue…However, this rule should apply only if the double jeopardy claim is viable prior to trial."). "The rule that '[r]eview on appeal is limited to review of any questions properly and timely raised at trial,' is often repeated by the Alabama courts." <u>Smelcher v. Attorney Gen. of Alabama</u>, 947 F. 2d 1472, 1477 n. 7 (11th Cir. 1991). Because Brennan's double jeopardy claims were considered waived by the Alabama appellate courts, he "is barred from asserting those claims in a federal habeas proceeding." <u>Woodford</u>, 548 U.S. at 92.

The Court of Criminal Appeals did, however, also addressed the merits of the claim, finding that the convictions were based on different conduct and did not violate the Double Jeopardy Clause. (Doc. 12-13 at 12). It is well settled that:

> "[T]he Double Jeopardy Clause protects against three distinct abuses: a

> second prosecution for the same offense after acquittal; a second
> prosecution for the same offense after conviction; and multiple
> punishments for the same offense."

State v. Haynes, 3 So.3d 272, 275 (Ala.Crim.App. 2008), *quoting* Heard, 999 So.2d at

1006, *in turn quoting* United States v. Halper, 490 U.S. 435, 440 (1989), overruled

on other grounds, Hudson v. United States, 522 U.S. 93 (1997).  Double jeopardy claims

reviewed by the Alabama appellate courts as jurisdictional, and thus not subject to

waiver, are generally "simultaneous convictions for both a greater and a lesser included

offense." Staughn v. State, 876 So.2d 492, 507-08 (Ala.Crim.App. 2003), *comparing*

Rolling v. State, 673 So.2d 812 (Ala.Crim.App. 1995)(A jurisdictional claim involving

simultaneous convictions for felony murder and reckless manslaughter arising form the

death of the same victim) and Harris v. State, 563 So.2d 9 (Ala.Crim.App. 1989)(A

nonjurisdictional, and therefore waivable, claim involving a four count indictment for

possession of different items of obscene material). Brennan's assertion of double

jeopardy is without merit because it does not involve a case of multiple convictions but,

rather, involves his conviction of two offenses that require different elements, namely:

> Incest requires a familial relationship between the perpetrator and the
> victim whereas first-degree rape under § 13A-6-61(a)(1), Ala. Code 1975,
> requires forcible compulsion.

(Doc. 12-13 at 12).   Brennan has failed to establish that the state court's decision on the

merits of this double jeopardy claim involved an objectively unreasonable application of

clearly established federal law.  Bell, 535 U.S. at 694.

The Court of Appeals did not address Brennan's argument, raised for the first time

in his *pro se* application for a rehearing, that the inclusion of two subsections of the Rape

statute in Count I of his indictment constituted a violation of double jeopardy. Brennan

asserted that he was charged with two separate and distinct offenses in Count I of his

indictment because he was charged as follows:

> Thomas G. Brennan . . . did, being sixteen years or older, engage in sexual
> intercourse with T.B., a person less than twelve years old, in violation of
> §13A-6-61(a)(3) of the Code of Alabama, or did engage in sexual
> intercourse with T.B. by forcible compulsion, in violation of §13A-6-
> 61(a)(1) of the Code of Alabama.

(Doc. 12-1 at 1; Doc. 12-14 at 2-10). Brennan argued that he "cannot be convicted under

both subsections (a)(1) and (a)(3) for a single act." (Doc. 12-14 at 4, citing King v. State,

574 So.2d 921, 929 (Ala.Cr.App. 1990)).

Although not directly addressed by the Court of Appeals, it is clear that this

double jeopardy claim is procedurally barred for the same reason used with respect to the

rape/incest claim specifically addressed in the appellate decision. It would be deemed to

be a nonjurisdictional claim by the Court of Criminal Appeals because it did not involve

"simultaneous convictions for both a greater and a lesser-included offense." *See* Heard,

999 So. 2d at 1006. Consequently, Brennan's failure to present this double jeopardy

claim in a pretrial motion would also be held to constitute a waiver of the claim. (*Id.*).

In addition, the claim would have alternatively been held to be without any merit. In

King v. State, 574 So.2d 921 (Ala.Cr.App. 1990), the case relied on so heavily by

Brennan, reversed on double jeopardy grounds defendant's simultaneous conviction of

first-degree rape and first-degree sexual abuse arising out of the same act because first-

degree sexual abuse is a lesser included offense of first degree rape. 574 So.2d at 929.

The King court did not, however, find it objectionable to include two subsections of a

criminal statute in a single count of an indictment because "the two subsections of a similar statute were merely alternative methods of proving the same crime, and therefore, did not constitute separate offenses." 574 So.2d at 929, *quoting* Sisson v. State, 528 So.2d 1159 (Ala.1988).

As for Brennan's related claims that Armstrong rendered ineffective assistance in not objecting to his multiple sentences "for a same and single act upon the same individual" (doc. 1 at 18; doc. 2-1 at 61-62), Brennan did not present these claims to the Court of Criminal Appeals in his Appellant's Brief. *See* Doc. 12-5. They are therefore unexhausted. Pruitt, 348 F. 3d at 1358-59; Boerckel, 526 U.S. at 845. Brennan cannot now successfully raise any of these claims because they would be barred by the State court as untimely on the grounds that they could have been raised at trial or on appeal but were not. Ala.R.Crim.P. Rule 32.2 (a)(2), (4), (c). Any attempt to seek further relief on this issue in the state courts "would be futile under Alabama procedural default doctrine." Bailey v. Nagle, 172 F. 3d 1299, 1303 (11th Cir. 1999). Further, Brennan has shown neither cause for this default, actual prejudice, or that a fundamental miscarriage of justice will result if this Court does not review these claims. Coleman, 501 U.S. at 750; Edwards, 529 U.S. at 451; Schlup, 513 U.S. at 328. Thus, Brennan's failure to properly exhaust the claims in state court prohibits them from this Court's review.

2. **Arrest and Search Claims**.

Brennan's claims regarding his arrest and search, specifically that his arrest was unlawful and that the evidence against him stemmed from an unlawful search and seizure and constituted "fruit of the poisonous tree" (listed by Brennan under Ground three as

claims 1, 2 and 4 above), were not exhausted through one complete round of state court appellate review. These claims were not presented to the Court of Criminal Appeals in his Appellant's Brief. *See* Doc. 12-5, nor were they presented in his *pro se* application for rehearing (docs. 12-11, 12-12). Accordingly, they are unexhausted, and are procedurally barred because they could have been raised at trial or on appeal but were not. Ala.R.Crim.P. 32.2 (a)(2), (4), (c). *See* <u>Kelley v. Secretary for the Dep't of Corrections</u>, 377 F.3d 1317, 1344 and 1351 (11th Cir. 2004) ("[T]he prohibition against raising nonexhausted claims in federal court extends not only to broad legal theories of relief, but also to the specific assertions of fact that might support relief. For example, habeas petitioners may not present particular factual instances of ineffective assistance of counsel in their federal petitions that were not first presented to the state courts.... Dismissing a mixed petition is of little utility [ ] when the claims raised for the first time at the federal level can no longer be litigated on the merits in state court because they are procedurally barred. In such a case, requiring the petitioner to return to state court only to make a futile application for relief simply delays the federal courts' adjudication of his petition."), *cert. denied*, 545 U.S. 1149 (2005). Brennan has failed to show either cause for this default, actual prejudice, or that a fundamental miscarriage of justice will result if this Court does not review these claims. <u>Coleman</u>, 501 U.S. at 750; <u>Edwards</u>, 529 U.S. at 451; <u>Schlup</u>, 513 U.S. at 328. Thus, his failure to exhaust these claims regarding his arrest and search bars them from this Court's review.

3. **Claim that Trial Counsel Failed to Object to Admission of Brennan's Statement**.

Brennan further claims that his trial counsel's failure to object to the admission of his handwritten statement to a deputy sheriff, in which he claimed, "I was having sexual intercourse with my daughter and I thought it was my wife" (listed by Brennan as above under Ground three as "Count 3" and under Ground four as "Count 4"), violated his due process rights. Brennan argues that the voluntariness of his confession should have been determined outside the presence of the jury and a motion to suppress should have been filed. (Doc. 2-1 at 9-13). This claim is procedurally defaulted for the same reason as his unlawful arrest and search and seizure claims. These claims were not presented to the Court of Criminal Appeals in his Appellant's Brief. *See* Doc. 12-5, nor were they presented in his *pro se* application for rehearing (docs. 12-11, 12-12). Accordingly, this claim is unexhausted, and procedurally barred because it could have been raised at trial or on appeal but was not. Ala.R.Crim.P. 32.2 (a)(2), (4), (c). Brennan has failed to show either cause for this default, actual prejudice, or that a fundamental miscarriage of justice will result if this Court does not review these claims. Coleman, 501 U.S. at 750; Edwards, 529 U.S. at 451; Schlup, 513 U.S. at 328. Thus, his failure to exhaust these claims regarding his statement bars them from this Court's review.

4.      **Claims regarding the Indictment and the Jury Instructions.**

Brennan also asserts a number of claims (listed by Brennan as above under Ground three as Counts 5 through 13 and under Ground four as Count 2, 3, 5 and 8),

pertaining to his contention that he was charged in a "multiplicitous indictment."[6]  He argues that error in his trial arose from the State's decision to proceed to trial on a multiple count indictment stemming from "a single act upon the same individual" and from the trial court's presentation of the indictment, related instructions, and verdict form to the jury, as well as from trial counsel's failure to object to the indictment, instructions and the verdict form.  These claims, once again, involve the contention that Brennan's convictions or sentences violated double jeopardy.  They are, however, procedurally defaulted for the reasons discussed above, essentially because Brennan failed to timely present the arguments to the trial court, thus barring them from further state court appellate review. They are thus unexhausted, and, because they cannot now be presented in state court, they are procedurally defaulted. Pruitt, 348 F. 3d at 1358-59; Boerckel, 526 U.S. at 845; Bailey, 172 F.3d at 1303.

To the extent Brennan asserts these claims as independent from his double jeopardy claim, they do not present an issue cognizable for purposes of federal habeas corpus. Claims asserting an error related to state court indictments involve matters of state law that are not cognizable in a federal habeas corpus petition. "Although the Due Process Clause guarantees petitioner a fair trial, it does not require the States to observe the Fifth Amendment's provision for presentment or indictment by a grand jury." Alexander v. Louisiana, 405 U.S. 625, 633 (1972). "[B]ecause trial by jury in criminal

---

[6] In Alabama, an indictment is "multiplicitous 'if a single offense is charged in more than one count, thereby possibly prejudicing the defendant by suggesting that more than one offense had been committed.'" Dill v. State, 723 So.2d 787, 808 (Ala. Crim. App. 1998).

cases under the Sixth Amendment is 'fundamental to the American scheme of justice,'…
such a right was guaranteed to defendants in state courts by the Fourteenth Amendment,
but the Court has never held that federal concepts of a 'grand jury,' binding on the federal
courts under the Fifth Amendment, are obligatory for the States." *Id. See also*, Conner v.
Bowen, 842 F. 2d 279, 282-283 n. 9, 10(11th Cir. 1988) (petitioner's claim regarding
form of state court indictment "does not allege a violation of the Constitution; it is a state
law claim."). Federal habeas corpus relief does not remedy errors of state law. Estelle,
502 U.S. at 67.

As to the alleged errors concerning the jury instructions, Brennan has not shown
that the trial court's oral charge denied him due process.  Consequently, his jury
instruction claim is also not cognizable for federal habeas review.  "[I]mproper jury
instructions can never be the basis for federal habeas corpus relief unless the instruction
rendered the whole trial so unfair as to amount to a denial of due process." Womack v.
United States, 2012 WL 3206458, *5 (S.D. Ala. June 06, 2012), *quoting*  Jones v.
Dugger, 888 F.2d 1340, 1343 (11th Cir. 1989).  *See also* Henderson v. Kibbe, 431 U.S.
145, 154 (1977) (deficient jury charge is issue of constitutional dimension only where it
renders entire trial fundamentally unfair); Erickson v. Secretary for the Dept. of
Corrections, 243 Fed. Appx. 524, 528 (11th Cir. 2007) ("[E]rrors in state jury instructions
are federal constitutional issues only where they render the entire trial fundamentally
unfair).

Brennan's claims regarding his indictment and jury instructions are also
unexhausted because he not only failed to present them to the Court of Criminal Appeals

in his Appellant's Brief (doc. 12-5), or in his *pro se* motion for a rehearing (docs. 12-11, 12-12), but because they could not now be raised in a postconviction petition. *See* Ala.R.Crim.P. Rule 32.2 (a)(2), (4), (c). Brennan has shown neither cause for this default and actual prejudice, nor that a fundamental miscarriage of justice will result if this Court does not review the claims. Coleman, 501 U.S. at 750; Edwards, 529 U.S. at 451; Schlup, 513 U.S. at 328.

5.     **Remaining Claims of Ineffective Assistance of Trial Counsel**.

Brennan claims that Armstrong rendered ineffective assistance as his trial counsel by failing to investigate his case (listed above under Ground four as Count 1), failing to object to the State's failure to elect the charges it sought to prove (*id.* at Count 3), failing to object before trial or outside of the jury's presence regarding the admission of his statement (*id.* at Count 4), failing to object to the trial court's failure to instruct the jury regarding its separate consideration of the multiple charges contained in Count I of the indictment and its submission of a single verdict form (*id.* at Count 5), and failing to request an instruction on a lesser included offense (*id.* at Count 7). None of these claims were asserted in the appellate brief submitted by Piggott, his appellate counsel, to the Alabama Court of Criminal Appeals. Brennan, in his *pro se* application for rehearing, presented arguments on two of these claims, namely that trial counsel failed to request a lesser-included offense instruction (doc. 12-11 at 3-5; doc. 12-12 at 2-3), and that trial counsel failed to request that the State elect which subsection in Count I would "proceed to verdict" (doc. 12-12 at 6-7), but on none of the other ineffective assistance claims.

The Court of Criminal Appeals held that Brennan was "not entitled to any relief" on his assertion that" counsel was ineffective at trial for not requesting "a jury instruction on sexual abuse as a lesser offense of rape" (doc. 12-13 at 3), because he presented only bare allegations and no supporting evidence in his motion for a new trial and at the hearing on that motion and "did not satisfy his burden of proving that his counsel was ineffective." (*Id*. at 4, *citing* Strickland v. Washington, 466 U.S. 668 (1984)).[7] On this basis, the court held that the trial court did not err when it denied Brennan's motion for a new trial. (Doc. 12-13 at 4, 7). The court also noted that Brennan's ineffective assistance claim "does not fall within the exception to the preservation requirement regarding general allegations of ineffective assistance of counsel in a motion for s new trial." (*Id*. at 5, *citing* Ex parte Jefferson, 749 So.2d 406 (Ala. 1990); and Montgomery v. State, 781 So.2d 1007 (Ala.Crim.App. 2000)). Brennan has failed to establish that the state court's decision on the merits of this ineffective assistance of counsel claim involved an objectively unreasonable application of clearly established federal law. Bell, 535 U.S. at 694.

---

[7] To prevail on a claim of ineffective assistance of counsel, the petitioner must demonstrate: (1) that his counsel's performance fell below an objective standard of reasonableness; and (2) that he suffered prejudice as a result of that deficient performance. Strickland, 466 U.S. at 687–88. Thus, a petitioner must establish both prongs of the Strickland test. Johnson v. Alabama, 256 F.3d 1156, 1176 (11th Cir. 2001). With respect to the deficient performance prong, the petitioner must show that his counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. Strickland, 466 U.S. at 687. Of course, there is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. *Id*. at 689. Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. *Id*. *See also*, Moore v. United States, 2014 WL 1152860, *3 (S.D. Ala., March 21, 2014).

The Alabama Court of Criminal Appeals did not specifically address Brennan's claim that trial counsel failed to request that the State elect which subsection in Count I would "proceed to verdict" (doc. 12-12 at 6-7). However, the finding and conclusion regarding Brennan's failure to satisfy his burden of proving that his counsel was ineffective by presenting more than bare allegations is equally applicable to this claim. In addition, the only ineffective assistance claim pursued in his petition for writ of certiorari to the Alabama Supreme Court was that involving counsel's failure to request "a jury instruction on sexual abuse as a lesser offense of rape." Brennan did not present any other ineffective assistance claim to the Alabama Supreme Court. Consequently, this Court is procedurally barred from reaching these claims because these claims were not fairly presented to the state courts and those same courts would now find the claim procedurally barred. *See*, <u>Kelley</u>, 377 F.2d at 1344 and 1351. Brennan is, therefore, entitled to no habeas relief on his claims of constitutionally ineffective assistance of counsel.

CERTIFICATE OF APPEALABILITY/*IN FORMA PAUPERIS*

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing 2254 Cases (December 1, 2009). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2). When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the

prisoner shows ... that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000);  Miller-EL v. Cockrell, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").

In the instant action, Petitioner has failed to establish that the state court's application of clearly established federal law was objectively unreasonable.  *See e.g.* Bell, 535 U.S. at 694.  Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further.  Slack, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the Court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed; thus, he is not entitled to a certificate of appealability.

Additionally, the undersigned here addresses the related issue of whether any appeal of an order adopting this Report and Recommendation and denying habeas relief may be brought *in forma pauperis*.  An appeal may not be taken *in forma pauperis* if the

trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. §
1915(a)(3); *see* Fed.R.App.P. 24(a)(3)(A); <u>Lee v. Clinton</u>, 209 F.3d 1025, 1026 (7th
Cir.2000) (concluding that "good faith" is "an objective concept" and that "not taken in
good faith" is "a synonym for frivolous"); <u>DeSantis v. United Techs, Corp.</u>, 15 F.Supp.2d
1285, 1288-89 (M.D .Fla.1998) (stating that good faith "must be judged by an objective,
not a subjective, standard" and that an appellant "demonstrates good faith when he seeks
appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is
frivolous if "it appears that the Plaintiff has little to no chance of success," meaning that
the "factual allegations are clearly baseless or that the legal theories are indisputably
meritless." <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir.1993). For the foregoing
reasons, the undersigned recommends that the court find no possible good faith basis for
appeal of the denial of the petitioner's habeas claims, and thus that no appeal of such a
ruling may be brought *in forma pauperis*.

CONCLUSION

For the reasons set forth above, if is hereby RECOMMENDED that Brennan's
petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be **DENIED**, and that no
Certificate of Appealability should issue and that no appeal of this ruling be brought *in
forma pauperis*.

**<u>Notice of Right to File Objections</u>**

A copy of this report and recommendation shall be served on all parties in the
manner provided by law. Any party who objects to this recommendation or anything in it
must, within fourteen (14) days of the date of service of this document, file specific

written objections with the Clerk of this Court.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.  The Rules further provide that "[a] party may respond to another party's objections within 14 days after being served with a copy."  FED. R. CIV. P. 72(b).

**DONE** this __28th__ day of August, 2014.


/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**